**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM DYKEMAN, | : | Civil No. 08-4845 (GEB) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| STATE OF NEW JERSEY, | : |  |
|  | : |  |
| Defendant. | : |  |

**APPEARANCES:**

    WILLIAM DYKEMAN, #792261C, <u>Pro Se</u>
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

R E C E I V E D

DEC - 1 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**BROWN, Chief Judge**

    Plaintiff William Dykeman, a state-sentenced inmate who is confined at New Jersey State

Prison, seeks to file a an "Emergency Application On Appeal From the New Jersey Supreme

Court" (hereinafter "Complaint"), together with several other documents, without prepayment of

the filing fee pursuant to 28 U.S.C. § 1915.[1]  Based on Plaintiff's affidavit of poverty, prison

account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this

Court will grant <u>in forma pauperis</u> status to Plaintiff.  As required by 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth

below, will dismiss the Complaint without prejudice for failure to state a claim upon which relief

may be granted.

---

[1] This Court will construe Plaintiff's submission as a civil complaint, with attachments.

## I. BACKGROUND

Plaintiff asserts violation of his constitutional rights by the State of New Jersey arising

from the direct appeal of his criminal conviction for terroristic threats, criminal restraint, sexual

assault and unlawful possession of a weapon, which is pending before the Appellate Division of

the Superior Court of New Jersey.  See State v. Dykeman, Docket No. A-445-05T4 order (N.J.

Super., App. Div., May 21, 2008).  Plaintiff describes the "question presented" as follows:

> Can the State of New Jersey, through three primary entities (the
> Office of the Public Defender, the Department of Corrections, and
> the New Jersey State Courts), deny an indigent state inmate the
> ability to file a competent primary brief and present to the full his
> most promising structural federal constitutional arguments, on his
> first direct appeal, by: (1) assigning counsel that refused to
> communicate at all, filed an erroneous and palpably defective brief,
> and whose loyalty is to the state at the expense of his client; (2)
> denying this inmate reasonable legal access, at his place of
> incarceration, so he could communicate with the appropriate
> authorities about these issues and study the applicable law; and (3)
> denying him sufficient legal recourse through the courts for aid and
> protection regarding (1) and (2) above; all in violation of clearly
> established constitutional law?

(Docket entry #1, p. 3.)

Distilling Plaintiff's 159-page submission to its essence, this Court reads the Complaint

as asserting that the representation of Plaintiff by counsel designated by the Public Defender in

the direct appeal of his criminal conviction is constitutionally ineffective.  Plaintiff states that he

"is asking the federal court to assign competent counsel and allow me to fight these second-

degree assault convictions, which were obtained with massive constitutional errors." (Docket

entry #1, p. 8.)

2

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to

> raise a reasonable expectation that discovery will reveal evidence
> of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal

quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed

liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197,

2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as

true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need

not, however, credit a pro se plaintiff's legal conclusions. See Morse v. Lower Merion School

Dist., 132 F. 3d 902, 906 (3d Cir. 1997). Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith,

undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111

(3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v.

Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of

the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport

Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction

over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States,

and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see

also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person

such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Federal Interference in State Criminal Appellate Proceedings

Plaintiff's request to involve this Court in the direct appeal of his New Jersey criminal conviction is barred by Younger v. Harris, 401 U.S. 37 (1971), which prohibits unwarranted federal interference in ongoing state criminal proceedings.  In Younger, the Supreme Court noted that "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate . . . .  Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id.,

401 U.S. at 46 (citations and internal quotation marks omitted); see also Moore v. Sims, 442 U.S. 415, 423 (1979).

Here, New Jersey's available court procedures, i.e., a petition for certification to the New Jersey Supreme Court and a state petition for post-conviction relief, afford Plaintiff an opportunity to raise his constitutional claims, including the alleged ineffective assistance of counsel on direct appeal, before all three levels of the New Jersey courts.  Because it does not appear that Plaintiff has been threatened with any injury other than that incidental to every criminal proceeding, Plaintiff's claims seeking federal court intervention in his criminal proceeding are barred by Younger and will be dismissed.[2]

B.  Release

At various points in Plaintiff's submissions, he alludes to release pending the outcome of his direct appeal.  To the extent Plaintiff seeks equitable relief from this Court releasing him from custody, this claim is similarly not cognizable under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500.[3]  If

---

[2] Plaintiff may also present his federal claims to the United States Supreme Court by way of a petition for certiorari, and to this Court in a habeas corpus petition pursuant to 28 U.S.C. § 2254, filed after he has presented his federal claims to all three levels of the New Jersey courts.

[3] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

an equitable remedy were available under § 1983 for an inmate challenging the fact or duration

of his confinement, then that inmate could evade the requirement contained in the federal habeas

statute, 28 U.S.C. § 2254(b)(1) and (c), that he exhaust available state court remedies prior to

seeking federal intervention.  As the Supreme Court explained in Preiser,

> In amending the habeas corpus laws in 1948, Congress clearly
> required exhaustion of adequate state remedies as a condition
> precedent to the invocation of federal judicial relief under those
> laws.  It would wholly frustrate explicit congressional intent to
> hold that [inmates] could evade this requirement by the simple
> expedient of putting a different label on their pleadings.  In short,
> Congress has determined that habeas corpus is the appropriate
> remedy for state prisoners attacking the validity of the fact or
> length of their confinement, and that specific determination must
> override the general terms of § 1983.

Preiser, 411 U.S. at 489-90.

Accordingly, Plaintiff's requests for release and federal involvement in his state criminal

proceedings are not cognizable under 42 U.S.C. § 1983.  If Plaintiff desires to challenge his

conviction in this Court on the basis of the alleged ineffectiveness of designated counsel on

direct appeal (or on any other federal ground), the exclusive federal remedy is a Petition for a

Writ of Habeas Corpus under 28 U.S.C. § 2254, filed after he has exhausted his federal grounds

by presenting them to the Law and Appellate Divisions of the New Jersey Superior Court, and to

the Supreme Court of New Jersey, either on direct appeal or in a state petition for post-conviction

relief.  See Preiser, 411 U.S. at 489-90.  Because Plaintiff's claims for injunctive relief are not

cognizable under § 1983 at this time, the Court is constrained to dismiss these claims without

prejudice.[4]

---

[4] "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the
validity of confinement, the court should dismiss the suit without prejudice" United States v.

C.  Access to Courts

To the extent that Plaintiff asserts that officials in the New Jersey Department of

Corrections have interfered with his ability to file a pro se supplemental brief (or other papers) in

the New Jersey courts, Plaintiff has not shown that he has standing to pursue this claim.

The First Amendment provides that "Congress shall make no law . . . abridging the

freedom of speech . . . or the right of the people peaceably to assemble, and to petition the

Government for a redress of grievances." U.S. Const. amend. I.  The Supreme Court held in

Bounds v. Smith, 430 U.S. 817, 828 (1977), "that the fundamental constitutional right of access

to the courts requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance

from persons trained in the law." But in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme

Court ruled that a prisoner lacks standing to pursue an access to courts claim unless he asserts

that the alleged interference of prison officials, or shortcomings in the library or legal assistance

program, "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 352.  Thus, to

establish standing for an access to courts claim, prisoners must assert "(1) that they suffered an

actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and

(2) that they have no other remedy that may be awarded as recompense for the lost claim other

than in the present denial of access suit." Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008)

(quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted).

Moreover, "[t]he complaint must describe the underlying arguable claim well enough to show

---

Miller, 197 F.3d 644, 652 n.7 (3d Cir. 1999).

8

that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe at 205-206

(quoting Christopher at 416-17).

     For example, in Monroe, the United States Court of Appeals for the Third Circuit

affirmed dismissal of inmates' access to courts claims for failure to state a claim:

> In this case, the defendants confiscated all of the plaintiffs' . . .
> legal materials, including their legal briefs, transcripts, notes of
> testimony, exhibits, copies of reference books, treatises, journals,
> and personal handwritten notes.  In their initial pleadings, the
> plaintiffs' claim rested solely on the ground that the defendants
> confiscated their legal materials, contraband and non-contraband
> alike.  That claim, on its face, was insufficient to state a claim
> under Harbury.  So too were their subsequent amendments, which
> alleged that they lost the opportunity to pursue attacks of their
> convictions and civil rights claims but did not specify facts
> demonstrating that the claims were nonfrivolous.  Nor did they
> maintain that they had no other remedy to compensate them for
> their lost claims.  Even liberally construing their complaints as we
> must do for pro se litigants, they do not sufficiently allege that they
> have suffered actual injury.

Monroe, 536 F. 3d at 206 (citations and footnote omitted).

     Here, Plaintiff's access to courts claim suffers the same pleading deficiencies as those in

Monroe.  And it is clear that Plaintiff has not lost the opportunity to present his claims to the

New Jersey courts, on direct appeal or in a state petition for post-conviction relief.  Thus,

Plaintiff's access to courts claim fails, and this Court will dismiss the claim without prejudice.[5]

See Gibson v. Superintendent of N.J. Dep't of Law & Public Safety-Div. of State Police, 411 F.

3d 427, 444-45 (3d Cir. 2005) (dismissing denial of access claim for failure to specify causes of

action lost); Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997) (dismissing prisoner's claim that

---

[5] As Plaintiff's direct appeal is pending and he can seek post-conviction relief in the event
his direct appeal is unsuccessful, it appears that leave to amend the access to courts claim at this
time would be futile.

corrections officers opened his outgoing legal mail because the prisoner suffered no actual injury as a result of the alleged interference with his outgoing legal mail, where his papers arrived and the court adjudicated his claim).

### IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice for failure to state a claim upon which relief may be granted.

_____
GARRETT E. BROWN, JR., Chief Judge

Dated: November 26, 2008