UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM DYKEMAN, | Civil No. 08-4845 (GEB) |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| STATE OF NEW JERSEY, | |
| Defendant. | |

Presently before this Court are Plaintiff's motions to file an amended complaint and for a writ of mandamus [docket entry nos. 11, 17], and it appearing that:

1. On September 26, 2008, the Clerk received from Plaintiff, a state-sentenced inmate who is confined at New Jersey State Prison, a complaint under 42 U.S.C. § 1983 and application to proceed in forma pauperis.

2. By Order entered December 1, 2008, this Court dismissed the complaint without leave to amend [docket entry nos. 7, 8]. Reading the complaint as raising three claims, this Court dismissed each claim as follows: (a) Plaintiff's request to assign competent counsel to represent him on his direct appeal from his New Jersey criminal conviction is barred by Younger v. Harris, 401 U.S. 37 (1971); (b) Plaintiff's request for release from incarceration is not cognizable under 42 U.S.C. § 1983, see Preiser v. Rodriguez, 411 U.S. 475 (1973); and (c) Plaintiff's complaint showed that he lacked standing to pursue an access to courts claim where he alleged that New Jersey officials interfered with his ability to file a pro se supplemental brief and other papers in his direct criminal appeal. This Court found that, because Plaintiff has not lost the opportunity to pursue direct appeal or file a state petition for post-conviction relief, Plaintiff lacked standing to pursue a First Amendment access to courts claim. See Monroe v. Beard, 536 F. 3d 198 (3d Cir. 2008). This

Court declined to grant Plaintiff leave to file an amended complaint because amendment of the Complaint would be futile.

3. On December 24, 2008, Plaintiff filed a motion to reinstate the case and to file an amended complaint [docket entry #11].

4. On March 4, 2009, the Appellate Division of the Superior Court of New Jersey decided Plaintiff's direct appeal from his conviction after a jury found him guilty of 10 criminal offenses involving sexual assault, criminal restraint and terroristic threats. See State v. Dykeman, 2009 WL 529220 (N.J. Super. Ct., App. Div., Mar. 4, 2009). After noting that Dykeman "has also raised a number of arguments in his pro se supplemental brief," id. at *2, the Appellate Division affirmed Plaintiff's conviction and remanded for resentencing "because the sentences imposed on defendant's second-degree sexual assault convictions exceeded the then-existing presumptive terms," id. at *5.

5. This Court construes the aforesaid motion [docket entry #11] as a motion for reconsideration (of the Order dismissing the complaint without leave to amend ) pursuant to Local Rule 7.1(i). Relief under Local Civil Rule 7.1(i) may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing

Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)).

      6.  Plaintiff contends that this Court should grant him leave to file an amended complaint[1] on the following grounds: (A) in finding that Plaintiff's requests to appoint counsel for him on direct appeal of his state criminal conviction and to order resentencing are barred by Younger v. Harris, 401 U.S. 37 (1971), this Court overlooked Wilkinson v. Dodson, 544 U.S. 74 (2005), which, according to Plaintiff, governs his case because an order directing the New Jersey courts to resentence Plaintiff on his criminal conviction would not necessarily result in his immediate or speedier release; and (B) in dismissing Plaintiff's access to courts claim, this Court did not consider that Plaintiff may be procedurally barred from raising his claims in a petition for post-conviction relief under New Jersey Court Rule 3:22-4 because he failed to raise them on direct appeal. Plaintiff summarizes his arguments as follows:

> In summary, I believe that the United States Supreme Court holding in Wilkinson v. Dotson, 544 U.S. 74 (2005) dictates that at least some of my issues are cognizable under § 1983 at this time, and that I have stated a claim within the confines of Wilkinson and Twombly . . . . I admit clarification may be necessary.  However I am willing to follow this courts instructions and provide any additional information.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  I believe I am entitled to an immediate resentencing hearing even while my direct appeal is pending within the confines of the Wilkinson rule. So I am respectfully asking this court for this specific relief or to provide further instructions with regard to all of these matters.

(Motion at docket entry #11, p. 13.)

      7.  Plaintiff's first argument is without merit because this Court did not overlook Wilkinson. This Court determined that Plaintiff's requests to involve this Court in the direct appeal of his New

---

[1] Although Plaintiff submitted 60 pages in support of his motion, he did not submit the proposed amended complaint.

Jersey criminal conviction are barred by Younger v. Harris, 401 U.S. 37 (1971), which prohibits unwarranted federal interference in ongoing state criminal proceedings. Wilkinson did not overrule Younger v. Harris, which is directly on point and remains the law. In addition, this Court ruled that, to the extent Plaintiff was seeking equitable relief releasing him from custody, the request is not cognizable under 42 U.S.C. § 1983 because the exclusive federal remedy for a state inmate challenging his conviction or sentence is a petition for writ of habeas corpus under 28 U.S.C. § 2254, which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Again, because Wilkinson did not overrule Preiser, and Preiser is on point, Plaintiff's argument in regard to Wilkinson is without merit.[2]

      8. Plaintiff also argues that in dismissing his access to courts claim, this Court did not consider that Plaintiff may be procedurally barred from raising claims in a petition for post-conviction relief under New Jersey Court Rule 3:22-4 in the event that he could have, but failed to raise them on direct appeal. Plaintiff apparently reasons that defendants violated his First Amendment right of access to courts by prohibiting his filing of a pro se supplemental brief and by failing to include his arguments in the brief filed by counsel. However, the Appellate Division opinion which vacates Plaintiff's sentence expressly states that the court considered Plaintiff's pro se supplemental brief. Under these circumstances, Plaintiff's access to courts claim fails because he suffered no injury.

---

[2] Wilkinson involved prisoners' § 1983 complaint claiming that state guidelines for determining parole eligibility violated various constitutional provisions, such as the Ex Post Facto Clause and the Due Process Clause. Unlike Plaintiff, the inmates in Wilkinson did not ask the federal courts to invalidate their sentences and did not request the federal courts to interfere in any pending state criminal proceeding.

9. On April 13, 2009, Plaintiff filed a "motion for writ of mandamus in the form of a telephone conference in urgent matters risking injury." [Docket entry #17.]   Plaintiff contends that he needs to "properly communicate with this Federal Court in urgent matters to secure my legal rights as a U.S. citizen" because he does not think that the Superior Court of New Jersey, Law Division, will consider his claim that New Jersey's No Early Release Act ("NERA") violates the United States Constitution as interpreted by Apprendi v. New Jersey, 530 U.S. 466 (2000), ) Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), when that court resentences him.  Id.  Plaintiff "respectfully ask[s] this Court to help me secure a full and proper sentencing hearing, which I never had at any point."  Id.

10. Section 1361 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Plaintiff seeks a writ of mandamus in the form of a telephone conference with this Court to obtain an order compelling the New Jersey Superior Court to consider his Blakely claim prior to resentencing.  The problem with Plaintiff's mandamus request is that federal courts have no jurisdiction in a mandamus action to compel action by state officials.  See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2nd Cir. 1988); Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); see also Younger v. Harris, 401 U.S. 37 (1971).  Accordingly, this Court will deny Plaintiff's motion for a writ of mandamus.

11. An appropriate Order accompanies this Memorandum Opinion.

Dated:  September 24, 2009

       /s/ Garrett E. Brown, Jr.
**GARRETT E. BROWN, JR., Chief Judge**