RECEIVED

MAR - 2 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM DYKEMAN, : Civil No. 08-4845 (GEB)
:
Plaintiff, :
: **MEMORANDUM OPINION**
v. :
:
STATE OF NEW JERSEY, :
:
Defendant. :

Presently before this Court is Plaintiff's motion to reconsider the dismissal of the Complaint and denial of motion to amend the Complaint, it appearing that:

1. By Order entered December 1, 2008, this Court dismissed the Complaint without leave to amend [docket entry nos. 7, 8]. Reading the complaint as raising three claims, this Court dismissed each claim as follows: (a) Plaintiff's request to assign competent counsel to represent him on his direct appeal from his New Jersey criminal conviction was barred by Younger v. Harris, 401 U.S. 37 (1971); (b) Plaintiff's request for release from incarceration was not cognizable under 42 U.S.C. § 1983, see Preiser v. Rodriguez, 411 U.S. 475 (1973); and (c) Plaintiff's complaint showed that he lacked standing to pursue an access to courts claim where he alleged that New Jersey officials interfered with his ability to file a pro se supplemental brief and other papers in his direct criminal appeal. This Court found that, because Plaintiff has not lost the opportunity to pursue direct appeal or file a state petition for post-conviction relief, Plaintiff lacked standing to pursue a First Amendment access to courts claim. See Monroe v. Beard, 536 F. 3d 198 (3d Cir. 2008).

2. On March 4, 2009, the Appellate Division of the Superior Court of New Jersey affirmed Plaintiff's conviction after a jury found him guilty of 10 criminal offenses involving sexual assault, criminal restraint and terroristic threats. See State v. Dykeman, 2009 WL 529220 (N.J. Super. Ct.,

App. Div., Mar. 4, 2009).

    3. On December 24, 2008, Plaintiff filed a motion to reinstate the case and to file an amended complaint [docket entry #11], which this Court construed as a motion to reconsider, pursuant to Local Rule 7.1(i), the dismissal of the Complaint without leave to amend. Plaintiff sought leave to file an amended complaint[1] on the following grounds: (A) in finding that Plaintiff's requests to appoint counsel for him on direct appeal of his state criminal conviction and to order resentencing are barred by Younger v. Harris, 401 U.S. 37 (1971), this Court overlooked Wilkinson v. Dodson, 544 U.S. 74 (2005), which, according to Plaintiff, governs his case because an order directing the New Jersey courts to resentence Plaintiff on his criminal conviction would not necessarily result in his immediate or speedier release; and (B) in dismissing Plaintiff's access to courts claim, this Court did not consider that Plaintiff may be procedurally barred from raising his claims in a petition for post-conviction relief under New Jersey Court Rule 3:22-4 because he failed to raise them on direct appeal.

    4. By Order and Memorandum Opinion [docket entry nos. 23, 24] this Court denied Plaintiff's motion to amend the Complaint on the ground that the proposed amendment failed to state a cognizable claim under 42 U.S.C. § 1983 and denied his motion for a writ of mandamus.

    5. Plaintiff raises several arguments in the motion for reconsideration that is presently before this Court.[2] First, Plaintiff argues this Court's Memorandum Opinion incorrectly stated that Plaintiff had filed a pro se supplemental brief in support of his direct appeal from his conviction, when the truth is that the Appellate Division denied his motion to file a pro se supplemental brief. Plaintiff

---

[1] Although Plaintiff submitted 60 pages in support of his motion, he did not submit the proposed amended complaint.

[2] The proposed amendment is attached to the motion.

2

reasons that the denial of his request to supplement the arguments raised by counsel violated his First Amendment right of access to courts and his Sixth Amendment rights and this Court should allow him to amend the Complaint to state a claim under 42 U.S.C. § 1983.

6. However, even if the Appellate Division of the New Jersey Superior Court denied Plaintiff's request to file a pro se supplemental brief, such does not alter the outcome of the present proceeding or constitute a violation of Plaintiff's First Amendment rights, particularly since Plaintiff was represented by counsel on direct appeal.[3] If Plaintiff desires to assert before this Court that defense counsel was constitutionally deficient in failing to present to the New Jersey courts the legal arguments that were set forth in Plaintiff's proposed pro se supplemental brief, then his exclusive federal remedy is a petition for writ of habeas corpus under 28 U.S.C. § 2254, which requires Plaintiff to first exhaust this claim before the New Jersey courts.

7. Next, Plaintiff argues that this Court should allow Plaintiff to resurrect his claims because there is newly discovered evidence in that "[s]ince July 3, 2009 my legal access has been virtually halted to a complete stop. I cannot receive case law, writing and mailing materials, or any help whatsoever."[4] (Docket entry #26 at p. 4.) Plaintiff maintains that he now has standing to assert an access to courts claim.

8. However, even with Plaintiff's new facts, his access to courts claim fails. To establish

---

[3] As this Court ruled when it dismissed the access to courts claim, because Plaintiff did not lose the opportunity to pursue a direct appeal of his criminal conviction or file a state petition for post conviction relief, he lacks standing to pursue a First Amendment access to courts claim based on the Appellate Division's denial of his request to file a pro se supplemental brief raising arguments in addition to those raised by counsel. See Monroe v. Beard, 536 F. 3d 198 (3d Cir. 2008).

[4] This Court is baffled as to how Plaintiff was able to file the instant application if his legal access has been halted.

standing for an access to courts claim, prisoners must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted). As the United States Court of Appeals for the Third Circuit explained,

> In this case, the defendants confiscated all of the plaintiffs' . . . legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under Harbury. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

Monroe, 536 F. 3d at 206 (citations and footnote omitted).

9. Mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)). Accordingly, this Court will deny Plaintiff's motion for reconsideration.

10. An appropriate Order accompanies this Memorandum Opinion.

GARRETT E. BROWN, JR., Chief Judge

4